GRINNELL WILLIS ET AL., RESPONDENTS, v. IRVINGTON VARNISH AND INSULATOR COMPANY, APPELLANT.

Argued June 25, 1915—Decided December 1, 1915.

When a suit involving matters of account is sent to a referee by consent of the parties, and the order directing it is a general one and contains no statement of the effect that the referee's report is to have, such report will be treated as a verdict by a jury, and neither the rulings of the referee on matters which arose during the trial before him, nor those of the court upon the application to set aside the referee's report, are subject to be reviewed by an appellate court.

On appeal from the Essex Circuit Court.

For the appellant, *Burnett & Cornish*.

For the respondents, *McCarter & English*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present action was brought to recover the purchase price of certain lots of cotton cloth sold to the defendant on an express contract, and also the loss sustained by the plaintiffs upon the resale of other lots of such cloth delivered to the defendant under the contract, but which it refused to accept. When the case came on to be tried, and the testimony of the first witness who was examined had made it apparent that the case involved a long and complicated account between the parties, the trial court declared that it was one which should be sent to a referee, and the following order, consented to by both parties, was thereupon made, and such consent endorsed at the foot thereof:

"It appearing to the court that matters of account are involved in this cause, it is ordered that the same be referred to Hugh B. Reed, Esq., to take and state the account between the parties and report the same to the court; and it is further ordered that the said referee accept and consider the testi-

mony already given in this case before the court in making
up his said report; and it is further ordered that, both of
said parties to said action hereby consenting, any exception
or exceptions of either parties to the report of the said referee
when submitted be argued before the court in lieu of being
tried by the court and jury, the right of trial by jury of each
of the parties hereto being expressly waived."

The case was subsequently tried out before the referee (no
evidence being submitted by the defendant), and that officer
made his report, finding in favor of the plaintiffs. The de-
fendant, upon the coming in of the report, objected to its
confirmation because of the alleged errors of the referee in his
rulings on evidence, and his misapplication of legal rules in
determining the plaintiffs' damages; and also because, as it
contended, the evidence submitted by the plaintiffs afforded
no support for a finding in their favor. The court, after
hearing argument on the objections, overruled them, con-
firmed the report, and directed judgment to be entered thereon.
From the judgment so entered the defendant appealed, assign-
ing as the grounds thereof the same reasons upon which it
rested its motion to set aside the referee's report. The re-
spondents (the plaintiffs below) now move to dismiss that
appeal as improvidently taken.

By rule 99 of the Supreme Court it is provided that all
rules of reference entered by consent of parties in that court,
or in the Circuit, may state whether the award of the referee
is to have the effect of a finding of arbitrators, or merely the
force of a verdict, and that in the absence of such statement
the award shall be treated as a verdict. This rule was adopted
at the June Term, 1873, and merely crystallized the doctrine
earlier laid down by the Supreme Court in the case of *Fitch*
v. *Archibald,* 29 *N. J. L.* 160, and followed by it in *Excelsior
Carpet Lining Co.* ads. *Potts,* 36 *Id.* 301. After its promul-
gation Chief Justice Beasley, speaking for that court in *Run-
yon* v. *Hodges,* 46 *Id.* 359, held that by force of it where the
order of reference was a general one, made by consent of the
parties, and containing no statement of the effect to be given
to the report of the referee, such report stood before the Cir-

cuit Court possessed of all the characteristics of a verdict according to the common law; and that, consequently, the only remedy against errors of, or misconduct in, the referee "is by motion to set aside, which is a proceeding that cannot be supervised on writ of error;" the writ of error was, therefore, dismissed.

Later a judgment of the Somerset Circuit Court, entered under similar conditions, was brought before this court on writ of error in the case of *Children's Home Association* v. *Hall,* 47 *N. J. L.* 152, and Mr. Justice Van Syckel, delivering the opinion of the court, declared that by force of this cited rule of the, Supreme Court, the only remedy of the party aggrieved by the action of the referee was an application to the Circuit Court to set aside the report, and grant a new trial; that, on the refusal of the court to grant such application, the plaintiff in error was in the precise position he would have occupied if the verdict of a jury had been rendered against him, and the court had refused to grant a new trial; and that a writ of error would not lie to review a judgment entered upon the referee's report after the motion to set it aside had been denied.

Since the pronouncement by this court in the case last cited, it is entirely settled that where the reference is a general one, made by consent of the parties, and the order directing it contains no statement of the effect that the referee's report is to have, neither the rulings of the referee on matters which arise during the trial before him, nor those of the court upon the application to set aside the referee's report, are subject to be reviewed by writ of error. *Hoboken* v. *Laverty,* 60 *N. J. L.* 86.

By a reading of the rule of reference in the present case, it appears that it contains no statement whether the referee's report was to have the effect of a finding of arbitrators, or merely the force of a verdict. It was, therefore, required to be treated by the Circuit Court as a verdict, and the present appeal must be dismissed.